UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-181-R

MARY CATHERINE WOLFE WORD                                     PETITIONER

v.

BRAD BOYD                                                              RESPONDENT

<u>MEMORANDUM AND ORDER</u>

Petitioner, Mary Catherine Wolfe Word, filed this action pursuant to 28 U.S.C.

§ 2254, seeking federal habeas corpus relief.  Her petition is currently before this Court for

preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts.  For the reasons set forth below, the Court will direct Petitioner to show

cause why her petition should not be dismissed for failure to exhaust all available state court

remedies.

After a jury trial in Christian County District Court, Petitioner was convicted of

misdemeanor animal cruelty on or about September 26, 2006, and sentenced to six months

imprisonment and fined $10,000.00.  After her conviction, Petitioner filed an appeal with the

Christian County Circuit Court on or about October 27, 2006.  The Circuit Court overturned the

fine against Petitioner, but upheld her conviction and sentence.  On April 27, 2007, Petitioner

filed an appeal with the Kentucky Court of Appeals.  The Court of Appeals upheld the Circuit

Court's decision.  Petitioner then sought discretionary review from the Kentucky Supreme Court,

which was denied on September 21, 2007.  Thereafter, Petitioner was taken into custody to serve

out her sentence at the Christian County Jail on or about October 1, 2007.  She commenced this

action on or about November 2, 2007.  Petitioner alleges that she is entitled to relief under 28

U.S.C. § 2254 because:  1) she was denied effective assistance of counsel; and 2) was denied the

right to appeal to the Kentucky Supreme Court.

It is axiomatic that one may not seek federal habeas corpus relief until she has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b)[1]; *Hannah v. Conley*, 49 F.3d 1193 (6th Cir. 1995). Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[2] *Id.* The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Based on the petition, it appears that Petitioner has completed one full around of direct appeal. However, in Kentucky, "[a]s a general rule, a claim of ineffective assistance of counsel

---

[1] Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus ... shall not be granted unless it appears that:
(A) the applicant has exhausted the remedies available in the court of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

[2] Under Kentucky Rule of Criminal Procedure (RCr) 12.05,

In all appeals from criminal convictions or post-conviction relief matters a litigant shall not be required to petition for rehearing or to file a motion for discretionary review to either the Kentucky Court of Appeals or Kentucky Supreme Court following an adverse decision of either the circuit court or Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the appellate court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim. If rehearing or discretionary review is sought on less than all of the claims of error presented on appeal, the litigant, nevertheless, shall be deemed to have exhausted all available state remedies respecting the claim(s) of error for which rehearing or discretionary review is not sought. Finality of the opinion for all claims of error is governed by CR 76.30(2).

will not be reviewed on direct appeal from the trial court's judgment, because there is usually no record or trial court ruling on which such a claim can be properly considered." *Humphrey v. Commonwealth*, 962 S.W.2d 870, 872 (Ky. 1998). "[C]laims of ineffective assistance of counsel are best suited to collateral attack proceedings, after the direct appeal is over, and in the trial court where proper records can be made." *Id.* Such claims are to be addressed "initially to the trial court through an RCr. 11.42[3] motion." *Thacker v. Rees*, 841 F.2d 1127 (6th Cir. 1988).

---

[3]Kentucky Rule of Criminal Procedure 11.42 provides:

(1) A prisoner in custody under sentence or a defendant on probation, parole or conditional discharge who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence to vacate, set aside or correct it.

(2) The motion shall be signed and verified by the movant and shall state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds. Failure to comply with this section shall warrant a summary dismissal of the motion.

(3) The motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding.

(4) The clerk of the court shall notify the attorney general and the Commonwealth's attorney in writing that such motion (whether it be styled a motion, petition or otherwise) has been filed, and the Commonwealth's attorney shall have 20 days after the date of mailing of notice by the clerk to the Commonwealth's attorney in which to serve an answer on the movant.

(5) Affirmative allegations contained in the answer shall be treated as controverted or avoided of record. If the answer raises a material issue of fact that cannot be determined on the face of the record the court shall grant a prompt hearing and, if the movant is without counsel of record and if financially unable to employ counsel, shall upon specific written request by the movant appoint counsel to represent the movant in the proceeding, including appeal.

(6) At the conclusion of the hearing or hearings, the court shall make findings determinative of the material issues of fact and enter a final order accordingly. If it appears that the movant is entitled to relief, the court shall vacate the judgment and discharge, resentence, or grant him or her a new trial, or correct the sentence as may be appropriate. A final order shall not be reversed or remanded because of the failure of the court to make a finding of fact on an issue essential to the order unless such failure is brought to the attention of the court by a written request for a finding on that issue or by a motion pursuant to Civil Rule 52.02.

(7) Either the movant or the Commonwealth may appeal from the final order or judgment of the trial court in a proceeding brought under this rule.

Such a motion may be filed anytime "within three years after the judgment final."  RCr 11.42.

Petitioner does not indicate that she has ever filed an RCr 11.42 motion raising her claims of

ineffective assistance of counsel.  Accordingly, it appears that there are still avenues of relief

available to Petitioner in state court which prohibit this Court from entertaining the present

petition.

Additionally, with respect to her claim that she was denied the right to appeal to the

Kentucky Supreme Court, Petitioner is reminded that under § 2254, a petitioner must

demonstrate that he is "in custody pursuant to the judgment of a State court only on the ground

that he is in custody *in violation of the Constitution or laws and treaties of the United States.*"

(emphasis added).  A violation of state law is not cognizable in federal habeas corpus unless

such error amounts to a fundamental miscarriage of justice or a violation of the right to due

---

(8) The final order of the trial court on the motion shall not be effective until expiration of time for notice of appeal under RCr 12.04 and shall remain suspended until final disposition of an appeal duly taken and perfected.

(9) Original applications for relief of the nature described in this Rule 11.42 that are addressed directly to a court other than the one in which the sentence was imposed shall be transmitted to the court in which the sentence was imposed for further disposition in the manner above set forth.

(10) Any motion under this rule shall be filed within three years after the judgment becomes final, unless the motion alleges and the movant proves either:

 (a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or

 (b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

  If the judgment becomes final before the effective date of this rule, the time for filing the motion shall commence upon the effective date of this rule. If the motion qualifies under one of the foregoing exceptions to the three year time limit, the motion shall be filed within three years after the event establishing the exception occurred. Nothing in this section shall preclude the Commonwealth from relying upon the defense of laches to bar a motion upon the ground of unreasonable delay in filing when the delay has prejudiced the Commonwealth's opportunity to present relevant evidence to contradict or impeach the movant's evidence.

process in violation of the United States Constitution." *Ryder v. Kerns*, No. 1:06 CV 2105, 2007 WL 2206786, at *10 (N.D. Ohio July 30, 2007) (citing *Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir. 1998)). Because the Court is already directing Petitioner to explain the exhaustion issue, the Court will also allow Petitioner to demonstrate how the Kentucky Supreme Court's refusal to hear her case gives rise to a cognizable § 2254 claim.

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum & Order, Petitioner must show cause why her § 2254 petition for writ of habeas corpus should not be dismissed for failure to exhaust available state court remedies. **Petitioner must also demonstrate how the Kentucky Supreme Court's denial of discretionary review constitutes a cognizable § 2254 claim**. Petitioner is warned that failure to respond within the time allotted **will result in dismissal of the action for the reasons set forth herein.**

Date:

cc:     Petitioner, *pro se*

4413.008