UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-181-R

**MARY CATHERINE WOLFE WORD**                                    **PETITIONER**

v.

**BRAD BOYD**                                                    **RESPONDENT**

## MEMORANDUM OPINION

Petitioner, Mary Catherine Wolfe Word, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief.  By Memorandum and Order entered January 10, 2008, the Court concluded that the petition should be dismissed for failure to exhaust available state court remedies, but provided Petitioner with an opportunity to respond (DN 7).  Petitioner has filed a response (DN 9), which the Court has considered.  For the reasons that follow, Petitioner's § 2254 petition will be dismissed for failure to exhaust all available state court remedies.

**I.**

After a jury trial in Christian County District Court, Petitioner was convicted of misdemeanor animal cruelty on or about September 26, 2006, and sentenced to six months imprisonment and fined $10,000.00.  After her conviction, Petitioner filed an appeal with the Christian County Circuit Court on or about October 27, 2006.  The Circuit Court overturned the fine against Petitioner, but upheld her conviction and sentence.  On April 27, 2007, Petitioner filed an appeal with the Kentucky Court of Appeals.  The Court of Appeals upheld the Circuit Court's decision.  Petitioner then sought discretionary review from the Kentucky Supreme Court, which was denied on September 21, 2007.  Thereafter, Petitioner was taken into custody to serve out her sentence at the Christian County Jail on October 1, 2007.  She commenced this

action on or about November 2, 2007. Petitioner alleges that she is entitled to relief under 28 U.S.C. § 2254 because: 1) she was denied effective assistance of counsel; and 2) she was denied the right to appeal to the Kentucky Supreme Court. At no time does it appear that Petitioner has ever filed an RCr 11.42 motion in Kentucky state court.[1]

---

[1] RCr 11.42 provides:

(1) A prisoner in custody under sentence or a defendant on probation, parole or conditional discharge who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence to vacate, set aside or correct it.

(2) The motion shall be signed and verified by the movant and shall state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds. Failure to comply with this section shall warrant a summary dismissal of the motion.

(3) The motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding.

(4) The clerk of the court shall notify the attorney general and the Commonwealth's attorney in writing that such motion (whether it be styled a motion, petition or otherwise) has been filed, and the Commonwealth's attorney shall have 20 days after the date of mailing of notice by the clerk to the Commonwealth's attorney in which to serve an answer on the movant.

(5) Affirmative allegations contained in the answer shall be treated as controverted or avoided of record. If the answer raises a material issue of fact that cannot be determined on the face of the record the court shall grant a prompt hearing and, if the movant is without counsel of record and if financially unable to employ counsel, shall upon specific written request by the movant appoint counsel to represent the movant in the proceeding, including appeal.

(6) At the conclusion of the hearing or hearings, the court shall make findings determinative of the material issues of fact and enter a final order accordingly. If it appears that the movant is entitled to relief, the court shall vacate the judgment and discharge, resentence, or grant him or her a new trial, or correct the sentence as may be appropriate. A final order shall not be reversed or remanded because of the failure of the court to make a finding of fact on an issue essential to the order unless such failure is brought to the attention of the court by a written request for a finding on that issue or by a motion pursuant to Civil Rule 52.02.

(7) Either the movant or the Commonwealth may appeal from the final order or judgment of the trial court in a proceeding brought under this rule.

(8) The final order of the trial court on the motion shall not be effective until expiration of time for notice of appeal under RCr 12.04 and shall remain suspended until final disposition of an appeal duly taken and perfected.

**II.**

It is axiomatic that one may not seek federal habeas corpus relief until she has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b);[2] *Hannah v. Conley*, 49 F.3d 1193 (6th Cir. 1995). Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*[3]

---

(9) Original applications for relief of the nature described in this Rule 11.42 that are addressed directly to a court other than the one in which the sentence was imposed shall be transmitted to the court in which the sentence was imposed for further disposition in the manner above set forth.

(10) Any motion under this rule shall be filed within three years after the judgment becomes final, unless the motion alleges and the movant proves either:

 (a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or

 (b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

   If the judgment becomes final before the effective date of this rule, the time for filing the motion shall commence upon the effective date of this rule. If the motion qualifies under one of the foregoing exceptions to the three year time limit, the motion shall be filed within three years after the event establishing the exception occurred. Nothing in this section shall preclude the Commonwealth from relying upon the defense of laches to bar a motion upon the ground of unreasonable delay in filing when the delay has prejudiced the Commonwealth's opportunity to present relevant evidence to contradict or impeach the movant's evidence.

[2]Section 2254 provides, in pertinent part: "(b)(1) An application for a writ of habeas corpus ... shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the court of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

[3]RCr 12.05 provides:

In all appeals from criminal convictions or post-conviction relief matters a litigant shall not be required to petition for rehearing or to file a motion for discretionary review to either the Kentucky Court of Appeals or Kentucky Supreme Court following an adverse decision of either

The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In response to the Court's show cause order, Petitioner argues that:

> If I had been able to afford a private attorney, my appeal could have been taken to the Kentucky Supreme Court, thus exhausting state appellate process. My point is this, those who cannot afford an attorney and who are appointed one by the state are denied by the state the right of appeal to all state appellate courts-thus being denied the right of appeal-a right given to those who can afford a private attorney.

She also asserts that her failure to exhaust should be excused because her court-appointed attorney did not argue ineffective assistance of counsel on direct appeal as she requested.

However, Petitioner does not have a constitutional right to appeal to Kentucky's highest court, and pursuant to RCr 12.05 even her failure to petition that court for review would not bar her from seeking habeas relief in this Court. Rather, it is her failure to assert her ineffective-assistance-of-counsel arguments in the trial court through an RCr 11.42 motion that bars relief in this Court. Regardless of the outcome of her direct appeal, an RCr 11.42 motion remains available to her to challenge the effectiveness of her trial counsel. In Kentucky, "[a]s a general rule, a claim of ineffective assistance of counsel will not be reviewed on direct appeal from the trial court's judgment, because there is usually no record or trial court ruling on which such a claim can be properly considered." *Humphrey v. Commonwealth*, 962 S.W.2d 870, 872 (Ky.

---

the circuit court or Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the appellate court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim. If rehearing or discretionary review is sought on less than all of the claims of error presented on appeal, the litigant, nevertheless, shall be deemed to have exhausted all available state remedies respecting the claim(s) of error for which rehearing or discretionary review is not sought. Finality of the opinion for all claims of error is governed by CR 76.30(2).

1998). "[C]laims of ineffective assistance of counsel are best suited to collateral attack proceedings, after the direct appeal is over, and in the trial court where proper records can be made." *Id.* Such claims are to be addressed "initially to the trial court through an RCr. 11.42 motion." *Thacker v. Rees*, 841 F.2d 1127 (6th Cir. 1988). Such a motion may be filed anytime "within three years after the judgment final." RCr 11.42. Petitioner does not indicate that she has ever filed an RCr 11.42 motion raising her claims of ineffective assistance of counsel. Accordingly, it appears that there are still avenues of relief available to Petitioner in state court which prohibit this Court from entertaining the present petition.

Moreover, Petitioner is not entitled to counsel to bring such a motion, but may do it *pro se*, just as she filed this action:

> Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. *See Fay v. Noia*, 372 U.S. 391, 423-424 (1963). It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, *cf. United States v. MacCollom*, 426 U.S. 317, 323 (1976) (plurality opinion), and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well.

*Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987).

Because Petitioner failed to exhaust her ineffective-assistance-of-counsel claim, the Court must dismiss the instant action.

### III.

In the event that Petitioner appeals this Court's decision, she is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court

must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is

warranted in this case.

      The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:    Petitioner, *pro se*
        Respondent
4413.008